### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **OLIVIA JACOB** | ) |
| **Plaintiff,** | ) Civil Action No. |
| v. | ) |
| **ALLIED INTERSTATE, INC.** | ) |
| **Defendant.** | ) |

## COMPLAINT

1. This is an action for damages brought by the individual consumer, Olivia Jacob, against Defendant, Allied Interstate, Inc. for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

4. Plaintiff Olivia Jacob is an adult individual residing in 206 Church St. Morrisville, NC 81560.

5. Defendant Allied Interstate, Inc. is a business entity which regularly conducts business in the Eastern District of Pennsylvania, with its principal office located at 3000 Corporate Exchange Drive, Columbus, Ohio 43231. The principal purpose of Defendant is the

collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt allegedly owed to the original creditor (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. In or around April 2011, Defendant contacted Plaintiff to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Defendant's representative asked to speak to the Plaintiff, and when she asked who was calling, Defendant's representative hung up on her.

9. Notwithstanding the above, the next day, Defendant contacted Plaintiff to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Defendant's representative again refused to identify itself, and Plaintiff stated that since she did not know what these phone calls pertained to, she did not want to be contacted telephonically and only wanted to be contacted in writing.

10. Notwithstanding the above, in or around May 2011, Defendant contacted Plaintiff's sister to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Defendant disclosed the debt and told Plaintiff's sister that they were collecting a debt from Plaintiff and asked to speak with her. Plaintiff's sister advised Defendant's representative that Plaintiff lived in another state and that she did not want to be contacted about this matter again.

11. Notwithstanding the above, in or around May 2011, Defendant contacted Plaintiff's sister's telephone number again, to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted. Defendant's representative spoke with Plaintiff's twelve year old niece and disclosed the debt and asked to speak with the Plaintiff so they could collect a debt from her. Defendant's representative further told Plaintiff's niece that if her aunt did not pay the debt she would be in trouble. Plaintiff's niece, frightened, advised Defendant's representative that Plaintiff did not live with her and that she would tell her mother that they called.

12. Notwithstanding the above, throughout the following months of May and June, Defendant continued to contact Plaintiff's sister and niece, multiple times per week, in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

13. Notwithstanding the above, throughout the following months of May and June, Defendant continued to contact Plaintiff numerous times per week, and periodically several times per day, in an attempt to coerce payment of the debt with the intent to annoy, abuse, and harass such persons contacted.

14. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with persons other than the consumer about information other than the consumer's location.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer and disclosing the debt to that person.

16. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer on more than one occasion.

17. The Defendant acted in a false, deceptive, misleading and unfair manner when communicating with any person other than the consumer, without the consumer's consent.

18. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

20. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

21. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of the acts and/or omissions of Defendant, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## **COUNT I - VIOLATIONS OF THE FDCPA**

24.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

25.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

26.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

27.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. §§ 1692a(2) and 1692a(5) of the FDCPA.

28.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), 1692c(b), 1692d(5), 1692e(10), and 1692f as evidenced by the following conduct:

(a)     Communicating with persons other than the consumer about information other than consumer's location;

(b)     Disclosing the debt to persons other than the consumer;

(c)     Communicating with persons other than the consumer on more than one occasion;

(d)     Communicating with persons other than the debtor without the debtor's consent;

(e)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number; and

(f)     Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect any debt.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

30. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

31. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) actual damages;

(b) statutory damages;

(c) costs and reasonable attorney's fees; and

(d) other and further relief as may be just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600
Attorneys for Plaintiff

DATE: September 16, 2011